UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS MCNICKLES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-2534 |
| § | |
| WANDA ISBELL, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Plaintiff Carlos McNickles filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. On January 30, 2013, defendants Robert Dalecki, Christina Huff, Wanda Isbell, and Betty Williams (the "Medical Defs.") moved for summary judgment. On February 4, 2013, defendant Jose Nava moved for summary judgment. For the reasons stated below, defendants' motions are granted and plaintiff's complaint is dismissed with prejudice.

**I.   Background**

At all times relevant to this case, McNickles was an inmate in the Ferguson Unit of the Texas Department of Criminal Justice ("TDCJ"). The individual defendants are a TDCJ officer (defendant Nava), and employees of University of Texas Medical Branch ("UTMB"). UTMB provides health care services for TDCJ. Plaintiff sues the defendants in their individual and official capacities. McNickles alleges that, between January and April 2012, defendants denied him medical care for arthritis and related problems, refused to implement necessary work restrictions, and subjected him to disciplinary action for refusal to perform work he claims he was physically unfit to perform. *See* Plaintiff's More Definite Statement ("MDS") at 2-3.

## II. Analysis

### A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Eleventh Amendment Immunity

The Eleventh Amendment bars suits for money damages by individuals against states, including state agencies and departments. It also bars suit for money damages against state officials in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984). McNickles' claims for damages against the defendants, all of whom are employees of state agencies, in their official capacities are thus barred by the Eleventh Amendment. The Eleventh Amendment does not implicate McNickles' claims against the defendants in their individual capacities.

### C. Exhaustion Of Remedies

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed

> within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004). Defendants argue that McNickles failed to properly exhaust administrative remedies against them.

Defendants note, and the record shows, that McNickles filed several grievances concerning the subject matter of this case. One of the grievances, number 2012179390, was filed on June 14, 2012, well past the 15 day window for filing a grievance concerning events occurring in January through April 2012. *See* Medical Defs. Motion for Summary Judgment, Exh. B at 13.

McNickles also filed two grievances during the relevant time period. On March 7, 2012, he filed Grievance # 2012122208 raising general complaints about his medical care, but not naming any of the defendants. McNickles did not file a Step 2 grievance following the denial of his Step 1 grievance. *See* Medical Defs. Exh. B at 3-9.

On March 9, 2012, he filed grievance # 2012118075. *Id.* at 1-2. This grievance was returned to McNickles as improperly filed because McNickles did not submit the original forms. *Id.* at 2. McNickles never filed a grievance against defendant Nava raising any factual issue asserted in the complaint.

McNickles thus failed to properly exhaust his administrative remedies, and the defendants are entitled to summary judgment.

### D.  Deliberate Indifference

McNickles contends that the defendants violated his Eighth Amendment rights by failing to provide proper medical treatment, and refusing to implement restrictions on his work assignments.  To rise to the level of a constitutional violation, defendants' actions must exhibit deliberate indifference to McNickles' serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976), but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The record shows that McNickles was seen by a health care provider several times between January and April 2012.  Defendant Isbell, a Nurse Practitioner, *see* Medical Defs. Exh. C at 2, referred McNickles to Defendant Williams on McNickles' request for a permanent limited standing restriction in January 2012. Medical Defs. Exh. A at 2-3; Exh. C at 4.  Williams, a Medical Doctor, determined that the requested restriction was not medically necessary, noting that McNickles was mobile and was able to get himself onto the examining table and could sit and stand without difficulty. Medical Defs. Exh. A at 6; Exh. C at 4.

In April 2012, McNickles saw Dr. Williams for hip pain and to renew his request for a limited standing work restriction. Dr. Williams observed that McNickles had a normal gait and balance and could sit in and rise from an armless chair. Medical Defs. Exh. A at 20-21. She again concluded that the requested restriction was not medically necessary.

Dr. Steven Bowers, a Medical Doctor and Legal Coordinator for UTMB Correctional Managed Care, submitted an expert affidavit. He reviewed the records of McNickles' medical treatment, and noted that McNickles received various medications for pain, was given a permanent assignment to a low bunk, and had a permanent restriction on lifting over 25 pounds. Dr. Bowers concludes that McNickles was never denied medical care, and that the treatment he received was appropriate and performed with a proper standard of care. Medical Defs. Exh. C at 5.

The evidence thus establishes that defendants Isbell and Williams saw McNickles and determined that his requested restrictions were not necessary. McNickles disagrees with the conclusion, but he presents no evidence that the conclusion was medically incorrect, let alone deliberately indifferent.

McNickles' other claims of deliberate indifference all flow out of this medical treatment. He contends that defendant Huff, a Licensed Vocational Nurse, was deliberately indifferent because she concluded that McNickles was able to work. He contends that Nava was deliberately indifferent because he ordered McNickles to work and refused to escort McNickles for medical care when McNickles complained of pain. The actions of defendants Huff and Nava were consistent with the Dr. Williams' conclusions and the evidence. Therefore, they were not

deliberately indifferent to McNickles' serious medical needs. Defendants Isbell, Williams, Huff, and Nava are entitled to summary judgment on McNickles' deliberate indifference claim.

### E. Personal Involvement

McNickles alleges that defendant Dalecki was deliberately indifferent to his medical needs by failing to schedule medical appointments for him. Dalecki argues that he was not personally involved in any of the alleged constitutional violations.

To prevail on his claims, McNickles must demonstrate that each defendant was personally involved in the alleged constitutional violations, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Moreover, supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

Defendant Dalecki was the Senior Practice Manager at the Ferguson Unit. In this role, he managed staffing, budgeting, scheduling services for matters ordered by doctors, *e.g.*, diagnostic tests, implementation of policies and procedures, inmate grievances, and other management duties. Medical Defs. Exh. D. Dalecki is not a licensed medical provider, and his job as Senior Practice Manager did not entail scheduling medical visits for inmates. *Id.* McNickles fails to demonstrate any personal involvement by Dalecki in any alleged deprivation of McNickles' constitutional rights.

### F. Conclusion

For the foregoing reasons, the defendants' motions for summary judgment are granted.

### III. Order

It is ORDERED that:

1. The defendants' motions for summary judgment (Doc. # 45 and 49) are GRANTED; and

2. The complaint (Doc. # 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 19th day of August, 2013.

_____
Kenneth M. Hoyt
United States District Judge